122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sonia CASTRO-GUZMAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 97-70049, Apa-tcm-wyz.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sonia Castro-Guzman, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Castro-Guzman contends that the BIA erred by finding that she neither suffered past persecution nor had a well-founded fear of future persecution based on her activities in support of a communist, anti-government organization and her association with a member of the communist party. This contention lacks merit.
 
 
 4
 We review the BIA's asylum eligibility determinations for substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We may not reverse the BIA's decision unless a petitioner demonstrates that the evidence she presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. See id.
 
 
 5
 To be eligible for a discretionary grant of asylum, the petitioner must demonstrate she has suffered past persecution, or has a well-founded fear of future persecution. See 8 U.S.C. § 1101(a)(42)(A). The petitioner must show by credible, direct, and specific evidence in the record, facts supporting a reasonable fear of persecution on account of, among other grounds, her political opinion. See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995).
 
 
 6
 At the deportation hearing, Castro-Guzman testified that she was an active member of an anti-government organization from 1975 until 1986 and her boss in that organization was killed, presumably because of her anti-government activities. Castro-Guzman also testified that her companion, who was a member of the communist party, received death threats from an anticommunist group connected with the government. Finally, Castro-Guzman testified that her children and grandchildren continue to live in El Salvador with her parents.
 
 
 7
 The BIA's finding that Castro-Guzman neither suffered past persecution nor had a well-founded fear of future persecution on account of her political opinion is supported by substantial evidence. See Elias-Zacarias, 502 U.S. at 481. Although Castro-Guzman was a member of an anti-government political organization, she presented no evidence that she was ever directly threatened or harmed by pro-government groups or by the government itself. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (finding that no direct threats or harm to petitioner undercut his claimed fear of persecution). Furthermore, Castro-Guzman presented no evidence to establish that she would be singled out for harm because of her association with her murdered boss or her ties to her communist companion. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (finding that acts of violence against petitioner's friends or family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to petitioner); see also Prasad, 47 F.3d at 340 (finding no persecution or well-founded fear when petitioners failed to establish they were singled out by persecutors). Moreover, Castro-Guzman's children and grandchildren continue to reside in El Salvador unharmed. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (per curiam) (finding petitioner's fear of persecution undercut by fact that family continued to live in El Salvador unmolested).
 
 
 8
 Because Castro-Guzman failed to demonstrate past persecution or a well-founded fear of future persecution, she also failed to demonstrate eligibility for withholding of deportation. See Prasad, 47 F.3d at 340.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3